IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ORLANDO INGRAM, | § | |
| | § | No. 74, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware in |
| v. | § | and for Kent County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 1209003136C |
| Appellee. | § | |

Submitted: October 6, 2014
Decided: December 30, 2014

Before **HOLLAND, RIDGELY** and **VALIHURA,** Justices.

**O R D E R**

This 30th day of December 2014, upon consideration of the appellant's brief under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1) On September 4, 2012, three black males – two adults and one teenager – robbed the Baycourt Plaza Family Dollar store in Dover, Delaware. One adult wore a black ski mask. The other adult wore a tee-shirt tied around the lower half of his face and had a gun. The teenager did not wear a mask.

(2) Two female employees, a store cashier and a manager, were in the store at the time of the robbery. The gunman ordered the cashier to open the cash registers. When she could not, the man in the black ski mask ordered her to the

floor, and the gunman ordered the manager to open the cash registers. Meanwhile, the teenage boy removed packs of Newport cigarettes and Swisher cigars from a cabinet behind the front counter. When leaving the store, the three suspects fled down a nearby bike path, taking with them the cash from the cash registers, nearly three dozen packs of Newports, and several cigars. The store manager immediately called 911.

(3) Within minutes of the 911 dispatch, Dover police apprehended two suspects in the area of the bike path. The police also recovered from the bike path a black ski mask, a pack of unopened Newports, two one-dollar bills, and a tee-shirt. When the items were processed for fingerprints, a thumbprint located on the cigarette pack was matched to the appellant, Orlando Ingram.

(4) The police obtained an arrest warrant for Ingram and arrested him on September 27, 2012, after tracking him to his sister's apartment in Dover. Before executing the arrest warrant, the police made contact with Ingram's sister, Lutricia Ingram, who confirmed that Ingram was inside her apartment. Ingram put up a fight when the police entered the apartment to arrest him. When struggling with the police, Ingram made repeated attempts to reach for a gun under the couch. After Ingram was subdued and taken into custody, Lutricia Ingram gave the police written consent to search the apartment.

2

(5) Ingram was indicted on two counts of Robbery in the First Degree, one count of Possession of a Firearm During the Commission of a Felony ("PFDCF"), and one count of Conspiracy in the Second Degree in connection with the robbery of the Family Dollar store on September 4, 2012. Ingram was also charged with one count of Resisting Arrest in connection with his arrest on September 27, 2012.

(6) Prior to trial, Ingram's defense counsel moved to suppress the evidence seized from Lutricia Ingram's apartment on September 27, 2012. After a suppression hearing, the Superior Court denied the motion, ruling that the search was valid because the police had an arrest warrant for Ingram, and because Lutricia Ingram had signed a written consent to the search.

(7) Ingram was tried before a Superior Court jury. At the close of the State's presentation, Ingram's defense counsel moved for a judgment of acquittal, claiming that the State had presented insufficient evidence to prove beyond a reasonable doubt that Ingram had participated in the robbery on September 4, 2012. The Superior Court denied the motion, finding that there was sufficient evidence to send the case to the jury for decision.

(8) The jury convicted Ingram as charged of two counts of Robbery in the First Degree, and one count each of PFDCF, Conspiracy in the Second Degree, and Resisting Arrest. At sentencing, the Superior Court granted the State's habitual

3

offender motion and sentenced Ingram to a total of seventy-eight years at Level V suspended after seventy-five years for one year at Level II probation and one year at Level I probation. This is Ingram's direct appeal.

(9) On appeal, Ingram's defense counsel ("Counsel") has filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)") asserting that there are no arguably appealable issues. Ingram, through Counsel, has submitted several points for the Court's consideration. The State has responded to Ingram's points and has moved to affirm the Superior Court judgment.

(10) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), the Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[1] Also, the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(11) In his written submission, Ingram argues that the Superior Court erred when admitting the gun and the cigarette pack into evidence at trial. Ingram contends that the State failed to sufficiently authenticate the gun by demonstrating that the gun recovered on September 27, 2012 was associated with the robbery on

_____

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[2] *Id.*

September 4, 2012. Ingram contends that the State failed to prove that the pack of Newports recovered from the bike path was one of those stolen from the Family Dollar store.

(12) We review evidentiary rulings for an abuse of discretion.[3] When there is no timely objection to the evidence, our review is limited to plain error.[4] "Plain error is limited to material defects which are apparent on the face of the record; which are basic, serious, and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[5] In this case, because the defense did not object at trial to the admission of the gun or the cigarette pack, our review is limited to plain error.

(13) Ingram can demonstrate no abuse of discretion in the admission of the cigarette pack and no plain error. Ingram was connected to the September 4 armed robbery from his thumbprint that was found on the unopened pack of Newports that was recovered from the bike path where two suspects were apprehended. The cigarette pack with Ingram's thumb print was highly relevant forensic evidence, and its admission was not confusing, misleading or cumulative.[6] Any doubts raised by the defense that the cigarette pack recovered from the bike path was not

---

[3] *Wright v. State*, 25 A.3d 747, 752 (Del. 2011).

[4] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[5] *Id.*

[6] Del. R. Evid. 403.

one of those stolen from the Family Dollar store during the September 4, 2012 robbery went to the weight of the evidence not its admissibility.

(14) Also, Ingram can demonstrate no abuse of discretion in the admission of the handgun and no plain error. The gun recovered on September 27 generally fit the description of the gun used during the robbery. The gun was found loaded and in close proximity to Ingram, who was already connected to the robbery by the cigarette pack containing his thumbprint. Under these circumstances, there was a "sufficient circumstantial nexus" between the gun, Ingram, and the robbery to permit the weapon to be introduced as evidence at trial.[7] Any doubts raised by the defense that the gun was not used in the robbery went to the weight of the evidence not its admissibility.

(15) Having reviewed the trial record, we conclude that the evidence, taken as a whole, was sufficient to support the jury's conclusion that Ingram was one of the three suspects involved in the armed robbery of the Family Dollar store on September 4, 2012. To the extent Ingram challenges the sufficiency of the evidence and the validity of Lutricia Ingram's consent on appeal, those claims were raised and rejected at trial and are without merit.

---

[7] *Pierce v. State*, 2007 WL 3301027 (Del. Nov. 8, 2007) (citing *Cabrera v. State*, 840 A.2d 1256, 1265 (Del. 2004)).

(16) The Court concludes that Ingram's appeal is wholly without merit and devoid of any arguably appealable issue. We are satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Ingram could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

7